RECEIVED
JAN 23 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
DEPUTY CLERK

**Form to be used by a prisoner filing a civil rights complaint under THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

**UNITED STATES DISTRICT COURT**
**__________ DISTRICT OF LOUISIANA**

**Joshua Saavedra #371933**
**(Full name of plaintiff, Prisoner Number)** **Civil Action**

**Vs.** **Judge**

**Louisiana Department of Public Safety and Corrections**
**Full Name of Defendant** **Magistrate Judge**

**COMPLAINT**

1. **Previous Lawsuits**:

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes {X} No { }

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit
Plaintiff(s): Joshua Saavedra #371933

Defendant(s): Louisiana Department of Public Safety and Corrections

2. Court (if federal court, name the district; if state court, name the parish): 19th Judicial District Court, Parish of East Baton Rouge

3. Docket number: C-765643 Division C

4. Name of judge to whom case assigned: Commissioner Jermaine Guillory

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): Yes, Disciplinary Board Appeal

6. Date of filing lawsuit: ______

7. Date of disposition: June 27th, 2025

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?

Yes [ ] No [X]

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought. ______

**II.** Place of present confinement: Dixon Correctional Institute

A. Is there a prisoner grievance procedure in this institution?

Yes [X] No [ ]

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

Yes [X] No [ ]

C. If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed: DCI-2025-268

2. What steps did you take? Filed ARP step 1, Filed ARP second step, step two And filed a Judicial Review with the 19th District Court in Baton Rouge, Louisiana

3. What was the result? All three were rejected

D. If your answer is No, explain why not:

**III.** Parties

(In Item A below, place you name in the first blank and place your present address in the second blank. Do the same for additional Plaintiffs, if any)

A. Name of plaintiff (s): Joshua Saavedra

Address PO Box 788, Jackson, LA 70748

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant Corey Anderson is employed as Major at Dixon Correctional Institute.

C. Additional Defendants: Warden Dustin Bickham at Dixon Correctional Institute

**IV.** Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not given any legal arguments or cite any cases or statutes**. If you intend to allege a number of related claims. Number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On 12-23-24 I, Joshua Saavedra #371933 entered the bullpen area and asked Captain Corey Anderson to please call the warden or colonel of unit 1 in order for me to see them. At this time he told me, "to get out of the bullpen,

Additional sheet attached

**V.** Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits:

Captain Corey Anderson should face appropiate disciplinary action. I also request monetary compensation for torture, pain, suffering and mental abuse. I request that no retaliatory action be taken against me, nor do I wish to be shipped to another facility.

**VI.** Plaintiff's Declaration

(1). I, Joshua Saavedra, understand that am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United states that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

(2). I, Joshua Saavedra, understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any costs assessed by the Court, which, after payment of partial initial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

(3). I, Joshua Saavedra, understand that if I am released or transferred, it is my responsibility to keep the court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this 12th day of January, 2026.

____________________________

____________________________

Signature of Plaintiff (s)

before he beat the fuck out of me." I asked him why and he placed me in handcuffs. A simple review of the bollpen camera footage would confirm my statement. Then he placed me in a 3 foot by 3 foot cage leaving me handcuffed behind my back and then he sprayed me with a chemical agent. I screamed that I need to make a mental health emergency and he sprayed me a second time. I have a form of cancer that causes big holes in my skin, so I should have not been sprayed. I was not given a shower until 12-25-24 around 10:00pm. Again, a review of the camera footage from the cage, walk to the infirmary and to the Cell Block C will confirm all my allegations. My second ARP stems from me filing the 1st ARP on Captain Anderson. On 2-21-25 at breakfast between 6:00AM and 7:00AM while eating on the first row at the second table in front of the security booth, Captain Anderson came out to the dining hall and he told me that I was going to drop my ARP against him. He was referring to the ARP from the incident on 12-23-24. I did not at this time or any other time desire to drop my ARP against Captain Anderson. The cameras on Unit 1 side of the Kitchen dining hall pointing from the scullery window toward the security office will show him coming out and yelling at me. Then, after the 11:20AM count cleared, I went to lunch and when I got in front of the serving line, Captain Anderson called me back to where I was standing and asked me if another inmate had come seen me? I replied that he had not and asked why he asked me that question. He replied, "Oh that ARP and don't worry he's

coming to see you." I tried to walk off and he called me back and said, "you're going to drop that ARP or you're going to get it." The camera footage in the Kitchen on the Unit 1 side pointing toward the security office will show him calling me and trying to leave and him calling me back. This occurred during lunch between 11:20 am and 12:40pm. I went back to my dorm (E) and laid down some time between 1:00pm and 2:30pm. I was sleeping when the inmate the Captain had mentioned came to me at my bed (E-35) and woke me up. He told me to take a walk and we walked from my bed to the J-Pay computer. The camera outside the E&F bathroom will show us sitting down facing each other, not at the computer. He showed me the rolled up piece of paper in his hand, which was my ARP. He then told me I was going to drop this ARP. I told him I couldn't and then he told me, "Look I'm going to get up and go get a DROP ARP form on the computer stool." Camera footage from the E&F lobby will show that I acted like I could not see walked through E&F and G&H TV room into Rec Room 2 and stopped at the first table in front of the security desk with the inmate standing over my back. I put the paper (ARP DROP FORM) on the table in the rec room 2 between 2:00pm and 2:40pm and signed it. I picked up the paper (ARP DROP FORM) and held it trying to let the camera see what it was that another inmate was making me sign. Preserve all camera footage in dorm E lobby, E&F TV room, rec room 2 and main kitchen cameras on unit 1 side from 2-21-25. Please honor my right to preserve camera footage.

Joshua Saavedra #371933
PO Box 788
Jackson, LA 70748

Federal District Court of Louisi
Middle District of Louisian
777 Florida street Suite 1
Baton Rouge, LA 70801-171